UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMMY NAPIER,

    Plaintiff,                                                            Case No.: 3:15-cv-154

vs.

COMMISSIONER OF                                    Magistrate Judge Michael J. Newman
SOCIAL SECURITY,                                     (Consent Case)

    Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' full consent. Doc. 9. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply memorandum (doc. 11), the administrative record (doc. 6, 7),[1] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff applied for SSI on February 8, 2012. PageID 48. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, a cervical spine disorder, a gastrointestinal disorder, an affective disorder, an anxiety-related disorder, and substance abuse in remission. PageID 51.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her application, Plaintiff received a hearing before ALJ Christopher L. Dillon on December 13, 2013. PageID 80. The ALJ issued a written decision thereafter finding Plaintiff not disabled. PageID 48. Specifically, the found:

1. The claimant has not engaged in substantial gainful activity since February 8, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: cervical spine disorder, gastrointestinal disorder, affective disorder, anxiety-related disorder, and substance use disorder in remission (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant retains the [residual] functional capacity ["RFC"] for work that involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; pushing or pulling similar amounts; sitting, standing, and walking for 6 hours each; no more than frequent postural activity; no overhead reaching; ready access to a restroom for use during all regularly scheduled breaks; no more than occasional interaction with supervisors and coworkers; no more than incidental/ superficial contact with the public, such as sharing common areas like elevators and hallways; no more than simple, routine, repetitive tasks performed with a pace and stress tolerance that allows for no production quotas.

5. The undersigned makes no finding regarding past relevant work (20 CFR 416.920(h)).

6. The claimant was born [in] 1965, and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

>       numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).
>
> 10.   The claimant has not been under a disability, as defined in the Social Security Act, since February 8, 2012, the date the application was filed (20 CFR 416.920(g)).

PageID 50-63.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 51-62. Plaintiff, in her Statement of Errors, sets forth a detailed summary of the record evidence. Doc. 8 at PageID 2297. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's discussion of the relevant medical evidence. Doc. 10 at PageID 2311. Except as otherwise noted in this Decision and Entry, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920. Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?

2.     Does the claimant suffer from one or more severe impairments?

  3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

  4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?

  5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920; *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

Plaintiff argues the ALJ erred by failing to: (1) reasonably account, in his RFC finding, for all of Plaintiff's impairments; (2) adequately weigh the opinion of Sheila Llanes-Diopita, M.D., her treating family physician;[2] (3) explain his reasoning for the weight given to non-treating source opinions; and (4) adequately support his adverse credibility finding. Doc. 8 at PageID 2297. Because the undersigned finds, in reviewing Plaintiff's first alleged error, that the ALJ failed to reasonably account for all of Plaintiff's limitations in making his RFC determination -- and that such error results in a reversal of the ALJ's non-disability finding -- the Court does not address the merits of Plaintiff's remaining arguments.

The ALJ found at Step Two that Plaintiff suffered from five severe impairments; namely, a cervical spine disorder; a gastrointestinal disorder; an affective disorder; an anxiety disorder; and a substance abuse disorder in remission. *See* PageID 51. Although the record details

---

[2] The undersigned makes no finding concerning the weight accorded to Dr. Llanes-Diopita. However, given that the undersigned finds reversible error elsewhere, the ALJ should, on remand, analyze Dr. Llanes-Diopita's opinion anew.

5

Plaintiff's migraines,[3] as well as issues with her lumbar and thoracic spine,[4] *see infra*, the ALJ never specifically considered whether these impairments were severe or non-severe at Step Two. *See* PageID 51.  The Commissioner does not dispute that these conditions constitute impairments under the controlling regulations and concedes that the ALJ omitted reference to these two limitations in his Step Two analysis.  *See* doc. 10 at PageID 2319-20.  In the absence of a specific finding otherwise, the ALJ presumably found Plaintiff's migraine, lumbar, and thoracic impairments non-severe.

Where, as here, the ALJ finds at Step Two of the sequential review process that a claimant suffers from at least one severe impairment, the ALJ is required to consider the limiting effects of all impairments, severe and non-severe, when determining the claimant's RFC.  *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (holding that, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe"); *see also Johnson v. Colvin*, No. 3:13cv301, 2014 WL 6603376, at *7-8 (S.D. Ohio Nov. 19, 2014).  If an ALJ considers the limiting effects of both severe and non-severe impairments in determining the RFC, any error in failing to find a particular impairment severe is harmless. *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009).  However, insofar as the ALJ finds that an impairment -- whether "severe or non-severe -- results in no work-related restrictions or limitations, the ALJ 'is required to state

---

[3] Specifically, with regard to migraines, the record extensively documents such a condition, including Dr. Llanes-Diopita's treatment notes, *see* PageID 1840, 1842, and Plaintiff's pain management records.  PageID 2182, 2186, 2194, 2205, 2215, 2227, 2239, 2250, 2258, 2261, 2272.  Thus, the record evidence supports the conclusion that Plaintiff's migraines amount to an "impairment" under the Commissioner's regulations. *See Ortega v. Chater*, 933 F. Supp. 1071, 1076 (S.D. Fla. 1996) (stating medical reports detailing nausea, vomiting, photophobia, dizzy spells, and black-outs provided sufficient evidence of an underlying medical condition of chronic migraine headaches).

[4] Plaintiff's lumbar impairment is evidenced by objective imaging tests, a neural scan, and treatment notes showing clinical signs of such impairment -- including para-spinal muscle tenderness and a reduced range of motion.  PageID 1898-99, 1931-34, 1940-47, 1946-47, 2009, 2182-2280.  Further, treater Dr. Llanes-Diopita stated that, in her opinion, Plaintiff's lower back pain contributed to her work limitations.  *See* PageID 1999-2002.

the basis for such conclusion.'" *Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *6 (E.D. Mich. Feb. 27, 2015); *see also Murray v. Colvin*, No. 3:12-0410, 2014 WL 5323061, at *12 (M.D. Tenn. Oct. 16, 2014). Failure to state the basis, for including no limitations arising from non-severe impairments, is reversible error. *See Meadows v. Comm'r of Soc. Sec.*, No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio Nov. 13, 2008).

The Court's careful review of the ALJ's decision confirms that he failed to substantively discuss the limiting effects of Plaintiff's lumbar, thoracic and migraine impairments.[5] The Commissioner argues *post hoc* that "[t]he ALJ could reasonably have found" that the limitations he set forth in his RFC finding accommodated all of "Plaintiff's physical impairments, and thus that no additional physical restrictions were necessary" to account for these impairments. *Id*. at PageID 2322. The Court finds no merit to the Commissioner's analysis in this regard. *Romig v. Astrue*, No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio Mar. 18, 2013) (stating that "it is the opinion given by an administrative agency rather than counsel's '*post hoc* rationale' that is under the Court's consideration). Again, insofar as the ALJ found no limitation arising from these impairments, he was required to so state and explain his reasoning. *See Katona*, 2015 WL 871617, at *6.

Based upon the foregoing, the ALJ's failure to meaningfully consider Plaintiff's lumbar, thoracic and migraine impairments in determining the RFC requires reversal of the non-disability finding. *See Blevins v. Colvin*, No. 3:14-cv-237, 2015 WL 4498573, at *3-5 (July 23, 2015).

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the

---

[5] The ALJ's only reference to migraines was an acknowledgment of testimony, in which Plaintiff stated her migraines force her to lie in bed for up to four or five days at a time. PageID 82.

Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, evidence of disability is not overwhelming.  Instead, the undersigned concludes that remand for further proceedings is proper.  On remand, the ALJ should appropriately review all evidence of record, and determine anew Plaintiff's disability status in light of all of her impairments, both severe and non-severe.

## V.

For the foregoing reasons: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED**.


Date:  September 23, 2016                          *s/ Michael J. Newman*
                                                  Michael J. Newman
                                                  United States Magistrate Judge